## Rosenblatt v. Louisville Title Company.

(Decided March 8, 1927.)

### Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

1. Insurance—Title Policy, Excepting Defects Created by Act or Privity of Insured, Held Not to Embrace Defect of Insured's Fraud in Procuring Deed.—Policy of title insurance, excepting therefrom defects or objections created by act or privity of insured, held not to cover defect in title due to insured's fraud in procuring deed from grantor.

2. Insurance—Insured's Suppressing Fact that Grantor, when Making Deed, was of Unsound Mind and Deed was Fraudulently Procured Held to Void Title Insurance.—Where policy of title insurance provided any untrue statement by insured or agent or suppression of material fact should void policy, suppression of fact, known to insured when making application, that grantor at time of making

deed was of unsound mind and incapable of making deed, and of the further fact that deed was fraudulently obtained, held to render policy unenforceable.

LEO J. SANDMANN for appellant.

ANDREW M. SEA, JR., for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This suit was commenced in the Jefferson circuit court by appellant, Minnie Rosenblatt, against the Louisville Title Company, on a policy of title insurance to recover $1,000.00, the principal sum named in the policy, for failure of title resulting in the loss of a house and lot located in Louisville and covered by the policy. The lower court found for the insurance company, and Minnie Rosenblatt appeals.

In December, 1921, Jennie Hicks, an old, infirm colored woman, conveyed by deed the house and lot described in the policy of insurance to appellant, Minnie Rosenblatt, wife of Jacob Rosenblatt, reciting that the conveyance was made for a valuable consideration, but withholding the nature and extent thereof. In March following, Jennie Hicks was adjudged insane and confined in an asylum, the Louisville Trust Company being named committee for her. The policy of title insurance issued by appellee, title company, is dated June 5, 1922, effective from June 1st of that year. The evidence discloses that Jennie Hicks was mentally incapable of making a survey of her property, knowing its value or dealing in it as a normal person, at the time she made the deed to Mrs. Rosenblatt; and, further, that the consideration paid, if any, was very slight, it being understood that Mrs. Rosenblatt was to support and take care of Jennie Hicks the remainder of her life, and pay her funeral expenses, pay the taxes on the property, repair the roof and put the building in condition, and allow Jennie Hicks to remain in it for the balance of her life. Only a short time after the execution of the deed and entry of the judgment finding Jennie Hicks to be a person of unsound mind, the committee of Jennie Hicks instituted an action in the Jefferson circuit court for the cancellation of the deed from Jennie Hicks to appellant, Rosenblatt, on the grounds of mental incapacity on the part of Jennie Hicks and undue influence and fraud upon the part of Mrs. Rosenblatt and her agents. After full hearing the court granted the

prayer of the petition and cancelled the deed. This suit was then instituted by appellant, Minnie Rosenblatt, against the title company for reimbursement. Judge Thomas R. Gordon of the Jefferson circuit court, one of the most learned and outstanding judges of this commonwealth, in delivering a written opinion, made the following finding of fact and conclusion of law:

"From the testimony in this case, this court concludes that application for the policy of title insurance sued on in this case was made on May 29, 1922, and the policy was issued June 5, 1922, as of date June 1st, 1922. That before that time Jennie Hicks, plaintiff's grantor, had been adjudged a lunatic, and that fact was known to plaintiff and her agent, her husband, who applied for the insurance, and was not stated to defendant company, and the company did not know of such finding of Hicks' insane condition at the time of the issual of the policy, and would not have issued the policy had such information been given it. That such fact was material to the risk under the policy.

"The validity of the deed under which the title insurance policy was issued was attacked by the committee of the grantor in action No. 135565 in the chancery division of this court, to which plaintiff and her husband were parties, on the ground that the grantor, Jennie Hicks, when she made said deed, 'was incapable mentally to know the extent and nature of her estate or to attend the said estate, the defendants wrongfully and fraudulently caused said Jennie Hicks to sign and execute to them a deed. . . . ' By the judgment of the chancellor the deed was held invalid. The judgment does not state upon which ground—incompetency, or fraud, or both— the deed was cancelled. This court will assume that it was on both grounds. This judgment is binding on the plaintiff in this case. Hence the conclusion follows necessarily that the deed was procured by plaintiff herein from one who was incompetent to make the deed, and the deed was fraudulently procured.

"These are, very briefly stated, the conclusions of fact which the court finds from the evidence. The policy is filed with the petition and read in evidence, and it appears on the face of the policy that defendant excepts from its liability 'defects, objections,

estates, interests, liens and encumbrances created by the act or with the privity of the insured. . . . '
As a matter of law, the court concludes that since the invalid deed was procured by the plaintiff, the liability of the company is expressly excepted by the terms of the policy. As further conclusion of law, the court finds that, the applicant not having informed the company. of the material fact that the plaintiff's grantor had been adjudged a lunatic at the time the policy was applied for, which fact plaintiff and her agent, her husband, knew was the suppression of a fact material to the risk and avoids the policy.''

A copy of the policy of insurance was attached to the petition of Mrs. Rosenblatt. This contract provides title insurance to the amount of $1,000.00 to Minnie Rosenblatt and her heirs, etc., against all loss and damage not exceeding $1,000.00, which the insured shall sustain by reason of defects or unmerchantability of the title of the assured to the estate mortgaged, or interest described, because of liens or encumbrances against the same as of June 1st, 1922, excepting defects, objections, estates, interests, liens and encumbrances created by the act or with privity of the insured.

As will be observed, the learned trial judge found that the deed was obtained from Jennie Hicks by appellant, Rosenblatt, through fraud, knowing at the time that the grantor was mentally incapable to make the deed; suppressed this fact, and through her agent applied to appellee insurance company for the policy of title insurance. The evidence is such that this finding can not be disturbed. The defect in title, then, must be ascribed to the act of appellant, Rosenblatt, for she is the one whom the lower court found to be guilty of the fraud in procuring the deed, and this injected the defect into the chain of title. She was not insured by the appellee insurance company against loss on account of defects, objections and encumbrances created by the act or with the privity of the insured. This defect of the title is not, therefore, embraced in the policy of insurance. In fact, it would appear from the policy contract that the insured is not protected against any defect which is not discoverable by an examination of written muniments of title. The defect through which appellant lost her title to the house and lot was one which did not appear in the chain of title, for the

deed which she obtained from Jennie Hicks is regular on its face in all respects and was duly recorded. We also concur in the view of the learned trial judge in holding that the suppression of a controlling fact such as the insanity of the grantor of the insured, under the terms of the policy, which provide: "Any untrue statement by the insured or his agent affecting this insurance, or any suppression of any material fact or any untrue answer to written questions, signed by the insured or his agent before the issuing of this policy, shall void the policy." The evidence is quite clear that the insured in making application for the policy suppressed the fact, well known to her, that her grantor, Jennie Hicks, at the time she made the deed in December, 1921, was of unsound mind and incapable of making a deed, and the further fact that the deed was obtained from Jennie Hicks by fraudulent means. The policy was, therefore, unenforceable.

Judgment affirmed.