BRICK REALTY CORP., Plaintiff, *v.* TITLE GUARANTEE AND TRUST COMPANY, Defendant.*

City Court of New York, Trial Term, New York County, June 29, 1936.

*Gifford, Woody, Carter & Hays,* for the plaintiff.

*C. Elmer Spedick,* for the defendant.

SCHIMMEL, J.   This is an action upon a policy of title insurance, more particularly the following condition thereof: " 1. The Title Guarantee and Trust Company will, at its own cost, defend the insured in all actions or proceedings founded on a claim of title or incumbrance prior in date to this policy *and thereby insured against."* (Italics mine.)

The thirteenth condition of the policy reads in part as follows: " 13. Defects and incumbrances arising after the date of this policy or created, suffered, assumed or agreed to by the insured, and taxes and assessments which have not become a lien up to the date of this policy or which are payable in future instalments, are not to be deemed covered by it."

. The plaintiff corporation had purchased certain real property, by referee's deed, at a mortgage foreclosure sale, and had obtained the aforesaid policy of title insurance from defendant.   Thereafter one Evelyn Ruth McKennee, wife of the mortgagor and former owner in fee of the property, instituted an action in the Supreme Court against this plaintiff corporation and others, including her husband, as defendants, upon a complaint which alleged that the foreclosure sale at which this plaintiff corporation had acquired the property and the foreclosure action culminating in such sale were

---

* Affd., App. Term, 1st Dept. Dec. 4, 1936, N. Y. L. J. Dec. 5, 1936, p. 2028.

part and parcel of a fraudulent scheme and conspiracy to wipe out her dower rights in the property foreclosed, and that the plaintiff corporation was a participant in said scheme, and was in fact a dummy corporation, the stock of which was owned and controlled by the mortgagor, her husband. That complaint sought to impress the alleged dower rights of the said Mrs. McKennee, complainant, upon the real estate in question.

When served with the said complaint, the plaintiff in the case at bar duly demanded that the title company defend the case. This the title company refused to do. Thereupon the said plaintiff corporation entered a defense to the action and prevailed at the trial, at which the complaint of Mrs. McKennee was dismissed.

The action at bar is brought by the plaintiff corporation to recover from the title company the expense it had incurred in defending the McKennee suit.

It is clear from a reading of the first condition of the policy that the defendant was obliged to defend only such suits as concerned defects or incumbrances insured against by the terms of the policy, the thirteenth condition of which excepted from coverage any defects or incumbrances created, suffered, assumed or agreed to by the assured. The claim upon which the McKennee action was founded was of a kind which the defendant at bar was not required by the title policy to defend. This defendant did not insure plaintiff against the consequences of its own acts, was not liable for any loss occasioned thereby, and was not obliged to defend any suit attacking plaintiff's title, even though entirely unfounded, if based upon acts claimed to have been committed by plaintiff.

Had Mrs. McKennee been successful in establishing her claim that there was a fraudulent conspiracy to deprive her of her dower interest in the property, and that the assured was a participant, the title company would not have been required to compensate the assured for a loss which it had brought upon itself. Likewise, the company was under no obligation to furnish the assured with counsel to defend such an action. It was a suit with which the company had no concern.

Judgment for the defendant.