GINGER v. AMERICAN TITLE INSURANCE COMPANY

1. INSURANCE—DUTY TO DEFEND.
   An insurance company has no duty to defend against a claim expressly excluded from its policy's coverage.

2. INSURANCE—DUTY TO DEFEND—TITLE INSURANCE—EXCLUSIONS.
   A title insurer was not obligated to defend its insured who was the defendant in an action brought by a judgment creditor of the insured's grantor to set aside the conveyance to the insured as a fraud where the insurance policy excluded from coverage defects, liens or adverse claims created or known to the insured at the time he acquired the property or the policy unless disclosure of the defects were made to the insurer.

Appeal from Wayne, John D. O'Hair, J.   Submitted Division 1 November 4, 1970, at Detroit. (Docket No. 8914.)   Decided December 10, 1970. Leave to appeal denied February 19, 1971.   384 Mich 808.

Complaint by George L. Ginger against American Title Insurance Company for breach of title insur-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  44 Am Jur 2d, Insurance §§ 1535–1559.
Refusal of liability insurer to defend action against insured involving both claims within coverage of policy and claims not covered.  41 ALR2d 434.

ance contract.   Summary judgment for defendant. Plaintiff appeals.   Affirmed.

George L. Ginger, *in propria persona.*

*Atlas, Rowe & Talon, P. C.,* for defendant.

Before: Lesinski, C. J., and J. H. Gillis and Beasley,* JJ.

J. H. Gillis, J.   Plaintiff Ginger commenced this suit against his title insurer, defendant American Title Insurance Company, for alleged breach of his insurer's duty to defend a third-party action[1] brought against plaintiff and others and concerning the validity of plaintiff's title.   This third-party action was brought by George Jonets against George Ginger and Avram Tilvan.   Jonets was Tilvan's judgment creditor and sought to have Tilvan's conveyance to Ginger of the property in question set aside as fraud upon him, a judgment creditor.

Although requested to do so by its insured, defendant insurance company did not represent Ginger in the action brought against him by Jonets; the company provided no defense against Jonets' third-party challenge to Ginger's title.   According to plaintiff's claim in the instant case, this refusal to defend constituted a breach of defendant insurance company's obligation under the contract of title insurance to defend against actions alleging defects in Ginger's title.

The Jonets' third-party action was successful; Tilvan's conveyance to Ginger was set aside; and Ginger's title was held for naught and void.   The

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] *George Jonets v. Avram Tilvan* (Wayne County Circuit Court No 291–486).

trial court, after hearing proofs in the Jonets' action, concluded in his written opinion:

"I believe that the plaintiff must prevail upon the theory which I described as. his first theory, namely, that the June 2, 1959 deed was a conveyance intended to hinder, delay, and defraud creditors, and intended particularly to hinder, delay, and defraud the plaintiff, judgment creditor, Jonets.

\* \* \*

"I am aware that when property is conveyed by a debtor to defraud creditors and the debtor and his grantee are equally culpable in the fraud, the court will not set aside the conveyance at the behest of the debtor. However, Tilvan and Ginger were not equal participants in the fraud. Ginger had superior knowledge, training, and experience. I am satisfied that the scheme to have Tilvan execute the deed originated with Ginger despite his protestations to the contrary. He was in a fiduciary relationship with Tilvan. As Tilvan's lawyer on June 2, 1959, he owed Tilvan the highest duty of loyalty, care, and concern. An attorney is not permitted to put his own interests ahead of his client's interests. An attorney has a duty to behave with scrupulous fairness to his client. This George Ginger did not do."

In the instant case, defendant insurance company filed a motion for summary judgment, GCR 1963, 117.2(3), which was granted by the trial court on December 12, 1969. Plaintiff appeals the order of the trial court granting defendant's motion for summary judgment and dismissing plaintiff's complaint.

We are in accord with the reasoning and conclusions reached by the trial judge and set forth in his opinion granting defendant's motion:

"The unreversed adjudication[2] in the Jonets' case is binding upon the plaintiff as a conclusive determination of his lack of legal title or interest, past or present, in the Tilvan property and the fraudulent character of the purported conveyance of said property to him. As a party in the Jonets' case, plaintiff had the right to have the adjudication reviewed therein by direct appeal only, and is precluded from a collateral attack thereon in these proceedings. See: *Adams* v. *Adams* (1943), 304 Mich 290, 293; 14 Michigan Law & Practice, Judgments, § 151, pp 596, 597.

"The contract of insurance upon which the plaintiff relies provides, insofar as material, as follows:

" '2. Exclusions from the Coverage of this Policy

" 'This policy does not insure against loss or damage by reason of the following:

\* \* \*

" '(d) Defects, liens, encumbrances, adverse claims against the title as insured or other matters (1) created, suffered, assumed or agreed to by the insured; or (2) known to the insured either at the date of this policy or at the date such insured acquired an estate or interest insured by this policy and not shown by the public records, unless disclosure thereof in writing by the insured shall have been made to the company prior to the date of this policy \* \* \* .'

\* \* \*

"Under the legally undisputable facts and circumstances attendant the instant proceedings, plaintiff has failed to set forth grounds upon which relief may be granted. It is clear that by application of policy exclusions above set forth to legally undisputable circumstances, defendant has not insured the

---

[2] Ginger's appeal from the judgment in the Jonets' action was dismissed for lack of progress by this Court on April 8, 1969. Thereafter, on November 18, 1969, the Supreme Court denied leave to appeal.

plaintiff against any alleged loss or damage for which he seeks recovery in these proceedings."

The controlling legal principle is succinctly stated in 9 Appleman, Insurance Law & Practice (1970 Cum Supp) § 5216, pp 19, 20, as follows:

"No duty [to defend] where no coverage."

By its express terms,[3] the policy in question clearly limits the insurer's obligation to defend. The insurer is only obliged to defend against suits *"founded upon an alleged defect * * * insured against by this policy * * * ."* The defect in this case was the fraudulent character of the purported conveyance. Such defect was known to plaintiff but not disclosed to his insurer. We hold that this defect was expressly excluded from coverage in the policy under clauses 2(d)(1) and (2), quoted above.

In *Rosenblatt* v. *Louisville Title Company* (1927), 218 Ky 714 (292 SW 333), the title policy excepted from coverage defects "created by the act or with the privity of the insured." The insurer defended on the ground that the deed, which was the subject of the policy, had been procured by fraud on the part of the insured. The Court held, p 717:

"The defect in title, then, must be ascribed to the act of [insured] for she is the one whom the lower court found to be guilty of the fraud in procuring the deed, and this injected the defect into the chain of title. She was not insured by the appellee insurance company against loss on account of de-

---

[3] "The Company, at its own cost and without undue delay, shall provide for the defense of the insured in all litigation consisting of actions or proceedings commenced against the insured, or defenses interposed against a sale of the estate in said land which litigation in any of such events is founded upon an alleged defect, lien or encumbrance insured against by this policy, and may pursue such litigation to final determination in the court of last resort."

fects, objections and encumbrances created by the act or with the privity of the insured. This defect of the title is not, therefore, embraced in the policy of insurance."

Accord, *Brick Realty Corporation* v. *Title Guarantee & Trust Company* (City Ct NY, 1936), 161 Misc 296 (291 NYS 637); *Taussiq* v. *Chicago Title & Trust Company* (CA 7, 1948), 171 F2d 553; *Feldman* v. *Urban Commercial, Inc.* (1965), 87 NJ Super 391 (209 A2d 640).

Since the Jonets' action against Ginger was founded upon a defect not covered by the policy of insurance, it necessarily follows that defendant did not breach its duty to defend in refusing to appear. Rather, under the circumstances, defendant insurance company had no duty at all.

"The insurer is not required to defend the insured against claims expressly excluded from coverage in the policy. The exception in the policy is a part of the contract between the parties." *Duval* v. *Aetna Casualty & Surety Company* (1943), 304 Mich 397, 401.

Accord, *Snow* v. *Pioneer Title Insurance Company* (1968), 84 Nev 480 (444 P2d 125). For a full treatment of authorities on this point, see *Zurich Insurance Company* v. *Rombough* (1969), 19 Mich App 606, 612–616 (*dissenting opinion,* J. H. GILLIS, J.), *aff'd* (1970), 384 Mich 228.

There was no error in granting defendant insurer's motion for summary judgment.

Affirmed. Costs to defendant.

All concurred.