FARM BUREAU INSURANCE COMPANY *v.*
Avery LUBIN

78-201                                                      580 S.W. 2d 447

Opinion delivered April 23, 1979
(In Banc)
[Rehearing denied May 29, 1979.]

*Hale, Fogleman & Rogers,* for appellant.

*Kent J. Rubens* and *Jake Brick,* for appellee.

CONLEY BYRD, Justice. Appellant Farm Bureau Insurance Company issued a comprehensive automobile insurance policy to Milton Lubin, M.D., providing automobile liability and collision coverage to Milton Lubin and the members of his household. Milton Lubin is the father of Avery Lubin and Nathan Lubin. Nathan Lubin lived approximately 200 to 300 yards from Milton Lubin. A limited partnership between Nathan Lubin and Zusman Bensky had purchased a jeep but had neglected to acquire insurance on the jeep. On July 22, 1973, Avery Lubin borrowed the jeep to go frog gigging. While the jeep was thus borrowed, Avery Lubin ran the jeep into a ditch, causing extensive damage. When Farm Bureau failed to pay for the damages, Nathan Lubin filed suit against Avery Lubin and recovered a judgment for $1600 damages to the jeep. Thereafter, Avery Lubin filed this action against Farm Bureau to recover a judgment for the $1600 plus an attorney's fee of $500 for defending Nathan's action against him and also for a 12% penalty and an attorney's fee in this action. Farm Bureau defended on the basis that its liability under Coverage "B" was excluded by Exclusion "K" since Avery Lubin was in charge of the jeep at the time of the accident. The trial court held Farm Bureau liable for the $1600 judgment, for $500 attorney's fee in defending Nathan's action against Avery, for the statutory 12% penalty in the amount of $192.00 and for an additional attorney's fee of $700 in this action. For reversal Farm Bureau contends:

"I. The trial court erred in failing to rule that Exclusion K was applicable to exclude liability coverage for property damage under Coverage "B" since Avery Lubin was in charge of or transporting the vehicle at the time the collision causing the damage occurred; and

II. The trial court erred in ruling that appellant had a duty to defend appellee and pay any judgment rendered therein."

The policy issued by Farm Bureau, in so far as here applicable, provides:

"INSURING AGREEMENTS:

1. LIABILITY

COVERAGES A, BODILY INJURY AND B, PROPERTY DAMAGE.

1. To pay on behalf of the insured all sums except punitive damages, which the insured shall become legally obligated to pay as damages:

COVERAGE A — Because of bodily injury sustained by any person, and

COVERAGE B — Because of injury to or destruction of property, caused by accident and arising out of ownership, maintenance or use of any automobile, including loading and unloading thereof;

2. To defend any suit against the insured for such damages even if groundless, or fraudulent; * * * *

III. DAMAGE TO OWNED AUTOMOBILES

COVERAGE D, COMPREHENSIVE: E, COLLISION: AND F, FIRE THEFT AND C.A.C.

1. To pay for direct and accidental loss of or damage to the automobile, including its equipment and other equipment permanently attached thereto and described in the Declarations and indicated by a specific premium charge or charges and including reasonable expenses to protect it from further loss, all of which shall hereinafter be called loss.

. . .

COVERAGE E — COLLISION: By collision with

another object or by upset of the automobile but only for the amount of each such loss in excess of the applicable deductible indicated in the Declarations. * * * *

## IV. DEFINITION OF INSURED

The unqualified word "INSURED" includes the named insured and if the named insured is an individual, his spouse and dependent children residing in the household and also includes: * * * *

## V. OTHER DEFINITIONS

* * * * *

(1) "OWNED AUTOMOBILE" — an automobile owned by the named insured.

(2) 'HIRED AUTOMOBILE' — means an automobile used under contract in behalf of, or loaned to the named insured provided such automobile is not owned by or registered in the name of (a) the Named Insured, (b) a partner or executive officer thereof, (c) * * * * *

(3) 'NON-OWNED AUTOMOBILE' means any automobile other than an owned automobile or hired automobile.

## VI. USE OF OTHER AUTOMOBILES — COVERAGES D, E AND F.

A. If during the policy period this policy provides coverage D, E, or F to a private passenger or a non-commercial vehicle, such insurance applies to the use of any non-commercial vehicle used by the insured.

## EXCLUSIONS

## THIS POLICY DOES NOT APPLY:

* * *

(k) under Coverage B, to injury to or destruction of

property (1) owned or transported by the insured; (2) rented to or in charge of the insured other than a residence or private garage damage or destroyed by a private passenger automobile covered by this policy; * * *"

The front page of the policy shows that there is a $100 deductible on the '73 Ford "2DHDT" owned by Avery Lubin.

POINT I. When we zero in on this policy we find that Farm Bureau agrees:

"INSURING AGREEMENTS:

COVERAGES A, BODILY INJURY AND B, PROPERTY DAMAGE.

1. To pay on behalf of the insured all sums except punitive damages, which the insured shall become legally obligated to pay as damages:

. . .

COVERAGE B — because of injury to or destruction of property, caused by accident and arising out of ownership, maintenance or use of any automobile, including loading and unloading thereof;

2. To defend any suit against the insured for such damages even if groundless, or fraudulent; . . ."

EXCLUSIONS

THIS POLICY DOES NOT APPLY:

(k) under Coverage B, to injury to or destruction of property (1) owned or transported by the insured; (2) rented to or in charge of the insured other than a residence or private garage damaged or destroyed by a private passenger automobile covered by this policy; . . ."

In contending that it had no liability under Coverage "B", Farm Bureau relies upon *Northwestern Mutual Insurance Company v. Haglund,* (1965 Mo. App.) 387 S.W. 2d 230; *Middlesex Mutual Fire Insurance Co. v. Ballard,* (La. App. 1963) 148 So. 2d 865; and *Wyatt v. Wyatt,* 239 Minn. 434, 58 N.W. 2d 873 (1953). On page 8 of appellee's brief we find the following statement:

> "The failure of Appellant to acknowledge its liability and to pay for the damage to the Jeep caused the original litigation against the insured Avery Lubin by the partnership of Nathan G. Lubin and Zusman Bensky. The ingenious argument advanced by Farm Bureau is to the effect that the suit (Case No. 8938) (Tr. 4) was based on negligence and therefore came under Coverages B — Property Damage — Liability and therefore was subject to Exclusion K. *If Liability Coverage — Property Damage were the only coverage which existed by reason of Farm Bureau's policy, the Appellee would be inclined to concede that the exclusion might apply.*" [Emphasis ours]

Again in his conclusion on pages 14 and 15 of appellee's brief we find the following:

### "CONCLUSION

> Appellee contends that the Circuit Judge was correct in the Judgment awarded to him. That the ruling of the Court and its findings that neither Exclusion D or K applied were correct. That the theory of Farm Bureau contradicts the plain terms of the policy issued by it and attempts to ignore or render ineffective the collision coverage agreements contained therein.

> As indicated, appellee has no argument with the law cited by appellant, were this a case where liability coverage alone is involved; but Appellee deems such law inapplicable where as an admitted insured he had collision coverage which Appellant refused to honor, thus causing him to incur expenses and a Judgment against him.

This matter having been fully developed, the Appellee respectfully submits that the decision of the Trial Court should be affirmed."

We fail to see how the fact that the insured has Coverage E under "III DAMAGE TO OWNED AUTOMOBILES" should have any effect upon the construction that should be given to Exclusion (k). This Farm Bureau policy, like most comprehensive automobile policies, is designed so that the insured can pay only for liability coverage on his vehicle or, by the payment of an additional premium, also acquire collision coverage. In fact an owner of multiple vehicles can acquire liability on some of the vehicles and both liability and collision on other vehicles.

If we should accept appellee's contention with reference to the Exclusion under subsection (K), then in a policy covering multiple vehicles some of which had only liability coverage and some of which had liability and collision coverage, subsection (K) would get two different interpretations in the same policy. We submit that such a result would be absurd. Thus it follows that the trial court erred in holding that Exclusion (K) did not apply to Coverage B under LIABILITY.

POINT II. As can be seen from the policy provisions set out above, Farm Bureau only owed a duty to defend a suit against its insured under the liability portion of its policy. Since Farm Bureau, because of Exclusion (K), provided no liability coverage to appellee for damage to a non-owned automobile being driven by appellee, it follows that the trial court erred in holding that Farm Bureau had a duty to defend.

Finally we note that Farm Bureau does not deny that it furnished Collision Coverage E to appellee and that it did not object to the proof as to the amount of the damages to the jeep or the introduction of the policy. Farm Bureau only asserts that appellee did not plead the application of Coverage E. However, we note that by an amended complaint appellee alleged that Farm Bureau issued its comprehensive automobile policy purporting to provide coverage "for various situations provided pursuant to the terms of the

general policy to which this Form had reference." Accordingly if appellee, within 17 juridical days will enter a remittitur for all of its judgment in excess of $1500 — *i.e.* the $1600 damages less the $100 deductible — the judgment will be modified and affirmed. Otherwise the judgment will be reversed and remanded for further proceedings.

Modified and affirmed.

FOGLEMAN, J., not participating.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority opinion sets out the pertinent parts of the insurance policy and I will not restate them. It is undisputed that appellant's policy covered the damaged vehicle under its collision coverage. Neither is it disputed that the loss was timely reported nor that appellant failed to pay for the loss.

Appellee could not force appellant to pay its legal and valid loss without filing suit. Apparently he did not want to be out the time and expense for services he was entitled to under his insurance policy and therefore simply waited until he was sued.

At no time did appellant offer to pay for the collision damages which it owed appellee or the owner of the damaged vehicle which was covered under the "use of other automobiles" clause in the policy. Appellee would not have incurred the attorneys' fees and costs if appellant had paid the collision loss. Now the majority of this Court penalizes the insured for the failure of the insurer to do that which it was bound by contract to do.

As I view this case, it clearly falls within the category of cases where a claimant is entitled to collect penalty, interest and attorneys' fees when he has to sue his own company and recovers the amount sued for. I do not believe in rewarding anyone for breach of contract, especially when it is to the detriment of an innocent party.

It makes no difference which clause of the policy should

have covered the loss. It was covered and appellant failed to pay. This may be another case where the appropriate department should remedy such an unjust result.

I would affirm the judgment and allow an additional fee for the appeal. Appellant has, no doubt, expended much more money in defense of a just and valid claim than it would have cost to pay it out without all the trouble and expense. There is no saving to the appellant or its policyholders in this case. Neither is it a matter of principle. It is simply a case where appellant has successfully ducked behind a technical term in its ambiguous policy and caused its policyholder to suffer the results.