## Roy E. MATHENY *v.* FARMERS INSURANCE COMPANY OF ARKANSAS

CA 79-16                                    586 S.W. 2d 246

Opinion delivered August 15, 1979
and released for publication September 25, 1979

*James Howard Smith, P.A.,* for appellant.

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellee.

GEORGE HOWARD, JR., Judge. We are to determine whether the following exclusions contained in an automobile insurance policy shield the insurer, Farmers Insurance Group, from liability on a judgment, in the sum of $4,420.96, obtained against its insured, Elgin and Alan Canley, father and son, respectively, by appellant for damage sustained to

appellant's 1974 Oldsmobile in a one car accident while driven by Alan Canley, age 17 years:

> This policy does not apply under Part I (Liability Insurance Coverage): "(10) to damage to (a) property owned or transported by the insured, (b) property rented to or in charge of the insured other than a residence or private garage, or (c) property as to which the insured is for any purpose exercising physical control.
>
> . . .
>
> This policy does not apply under Part IV (Coverage for Damage to the Insured's Automobile):
> "(4) with respect to a non-owned automobile (a) to any loss against which the owner of such automobile is covered by other insurance, or (b) arising out of its use in any other business or occupation of the insured, except a private passenger automobile operated or occupied by the named insured or a servant;"

## THE FACTS

On April 7, 1974, appellant and Alan Canley were traveling through Lincoln County enroute to Crossett from a weekend trip. Appellant was the owner of the vehicle. Alan, while operating the automobile, fell asleep and, as a consequence, drove off the highway causing property damage in the amount of $4,420.96.

At the time of the one car accident, Farmers Insurance Company of Arkanaas provided automobile liability and collision coverage for Alan and his father, Elgin Canley. When Farmers Insurance Company denied liability for the property damage, appellant's own collision carrier, Thurston National Insurance Company, paid appellant for the loss sustained. Subsequently, appellant filed his action against Alan and Elgin Canley resulting in a judgment against the Canleys in the sum of $4,420.96. Upon Farmers Insurance

Company's failure to pay the judgment, appellant instituted this action against Farmers Insurance Company. Farmers Insurance Company affirmatively asserted the exclusions contained in its policy issued to Canley as a defense.

After discovery had been completed, both appellant-plaintiff and appellee-defendant filed their motions for summary judgment.

The trial court entered a summary judgment in behalf of Farmers Insurance Company stating, in relevant part, as follows:

> "The parties have agreed and the Court doth find that there are no material issues of fact in dispute in this cause. It is the finding of the Court that the damages sought to be recovered by the plaintiff in this cause from the defendant are expressly excluded from coverage under the policy of automobile liability insurance by the two exclusions relied upon by defendant."

## THE DECISION

Appellant's argument for reversal of the trial court may be briefly summarized as:

> ". . . a non-owner operator of an automobile is subject to liability for negligence in a suit by an owner-occupant. The present suit against Farmers Insurance Company simply carries the *Walton* [*Walton* v. *Tull*, 234 Ark. 882, 351 S.W. 2d 20] one step further. If a non-owner operator is subject to liability for his negligence in causing collision damage, then that person's insurance policy ought to be construed, if reasonably possible, to protect him when such liability does occur."

We are not convinced by appellant's argument that the trial court committed reversible error. We are persuaded that the issues involved in this case are controlled under the pronouncements of the Arkansas Supreme Court in *Farm Bureau Insurance Company* v. *Lubin,* 265 Ark. 536, 580 S.W. 2d

447 (1979) and *MFA Mutual Insurance Company* v. *Wallace,* 245 Ark. 230, 431 S.W. 2d 742 (1968).

In *Lubin,* the Arkansas Supreme Court made it clear that a policy provision excluding property damage coverage for property owned by, transported by, rented to, or *in charge of insured* was applicable to exclude coverage for property damage, under provisions creating coverage with respect to liability for injury to or destruction of property caused by accident arising out of ownership, maintenance or use of any automobile; and that the insurer owed no duty to defend the insured in automobile owner's action against insured.

In *Wallace,* the Arkansas Supreme Court upheld the validity of the "other insurance clause" with reference to uninsured motorist coverage. We are persuaded that this rule indeed is dispositive of the defense asserted in this action relative to "other insurance coverage."

Moreover, it seems clear that parties are without restraint to agree upon any conditions that are reasonable and not against public policy. *MFA Mutual Insurance Co.* v. *Bradshaw,* 245 Ark. 95, 431 S.W. 2d 252.

Appellant argues that *Mutual Liability Insurance Co. of Wisconsin* v. *Puryear Wood Products Co.,* 247 Ark. 673, is controlling. We do not agree. In *Puryear* the Arkansas Supreme Court affirmed the trial court in holding that an exclusion contained in a policy did not apply because the exclusion was ambiguous and, accordingly, should be construed strictly against the insurer who prepared the policy.

Affirmed.

M. STEELE HAYS, J., dissents.

M. STEELE HAYS, Judge, dissenting. I do not agree with the affirmance. I recognize that there is authority in support of appellee's interpretation, which the majority accepts, of those provisions of its policy (set out in the majority opinion), including *Farm Bureau Insurance Company* v. *Lubin,* 265 Ark. 536 (April 23, 1979). But there is respectable, and better reason-

ed, authority to the contrary in the context presented in this case. The provisions are, at best, ambiguous, as was found in *Employer's Mutual Liability Insurance Company of Wisconsin* v. *Puryear Wood Products Co.*, 247 Ark. 673, 447 S.W. 2d 139 (1969).[1] (See also *Aetna Life Insurance Company* v. *Spencer*, 182 Ark. 496, 32 S.W. 2d 310 [1930]). The interpretation accepted by the majority view leaves an insured with both liability and collision coverage uninsured and undefended. At the very least, appellee owed its insured, Elgin Canley and Alan Canley, a defense. I would reverse.