Francis E. BOURLAND and Shelby J. BOURLAND, Husband and Wife *v.* TITLE INSURANCE COMPANY OF MINNESOTA

CA 81-220                                    627 S.W. 2d 567

Court of Appeals of Arkansas
Opinion delivered February 10, 1982

*George H. Bailey,* for appellants.

*Gill, Skokos, Simpson, Buford & Owen,* for appellee.

GEORGE K. CRACRAFT, Judge. Appellants, Francis E. Bourland and Shelby J. Bourland, bring this appeal from a summary judgment which dismissed their claim against appellee, Title Insurance Company of Minnesota, upon finding that there were no material issues of fact to be determined and that the loss for which they made claim was expressly excluded from coverage under a provision of the policy of title insurance which did not insure against defects "created, suffered, assumed or agreed to by the insured." Appellants contend that there were material issues of fact to

be determined and that the court erred in granting summary judgment. We agree.

An understanding of our decision requires a resume of the factual background leading up to the proceedings from which this appeal arises. In 1970, Vera Jones and Russell R. Jones, the owners as tenants by the entirety of 39 acres of land in Pope County, executed and delivered two deeds to their son, Russell J. Jones. One deed conveying a tract containing 22 acres was duly recorded and is not involved here. The second deed, which is the subject of this litigation, conveyed a 17 acre tract referred to as the "home place" but was not recorded until January 27, 1977.

In 1975 Vera Jones, then a widow, brought an action against her son, Russell, seeking to cancel and set aside both deeds as clouds on her title. The deed to the "home place" was then still unrecorded. By a decree dated January 27, 1977, the chancery court dismissed her complaint and on that same day the deed to the "home place" was filed for record by Russell. The decree of the chancery court was subsequently affirmed in an unpublished opinion of the Supreme Court, delivered on May 22, 1978. The appellant, Shelby Bourland, also a child of Vera Jones, testified on behalf of her mother in those proceedings.

During the first week in June 1978 Vera Jones executed a deed to the appellants purporting to convey to them her interest in the "home place." The deed was prepared by an attorney for Vance Abstract Company, an agent of appellee, and executed in its offices. On June 15, 1978 appellee through its agent issued its policy of title insurance to appellants insuring their title against defects. Although the deed executed in favor of Russell in 1970 and the decree determining it valid had then been of record for eighteen months, neither was shown as an exception in the policy.

In 1979 an attack was made on appellants' title, the exact nature of which is not fully disclosed by the record. When appellee refused to defend their title appellants brought this action to recover their loss resulting from the prior deed to Russell. In their original complaint they

contended that they had no knowledge of the prior deed and had relied upon appellee to make a proper search of their title. By subsequent amendment they admitted that they had knowledge of the deed but denied knowing that it had been recorded or that Russell was then making any claim under it.

The appellee answered, denying all allegations of the complaint and affirmatively pleaded an exclusion in the policy as to defects "created, suffered, assumed or agreed to by the insured," and subsequently filed its motion for summary judgment with supporting documents. In its order granting the motion for summary judgment the trial court stated:

> [T]he court . . . finds that there is no genuine issue as to any material facts; that the plaintiffs had actual knowledge of a certain deed from the plaintiff's, Shelby Bourland, mother and father to her son, Russell R. Jones; in fact, the validity of said deed had previously been determined in the case of *Vera Jones* v. *Russell R. Jones,* Pope Chancery No. E-75-487, Arkansas Supreme Court No. 77-270; the plaintiff, Shelby Bourland, had testified on behalf of her mother in that trial during which she acknowledged that she had known of the deed for a year prior to the trial date in January of 1977; therefore the plaintiffs knew about the said deed and having such knowledge had a new deed from Vera Jones prepared in plaintiff's favor, and the plaintiffs had the defendant's title policy issued thereby actually or inferentially *agreeing* to or *suffering* the existence of the defect in title of which the plaintiffs now complain. The plaintiff's knowledge in these circumstances can not be overlooked by this court in holding that plaintiff *agreed to or suffered* the first deed within the meaning of the exclusions provided in paragraph 3 (a), which provides as follows:
>
> > Exclusions from Coverage — The following matters are expressly excluded from coverage of this policy — (3) defects, liens, encumbrances, adverse claims, or other matters (a) created, suffered, assumed or agreed to by the insured claimant; . . . .

Appellants appeal from that order insisting that the court erred in finding that there were no material issues of fact to be determined.

In our review of summary judgments the principles of law which we follow are well established. The appellee has the burden of demonstrating that there was no genuine issue of fact for trial and any evidence submitted in support of its motion must be viewed most favorably to the party who resists that motion. A summary judgment is to be granted only when there is no genuine issue as to any material fact and when, even though facts are in dispute, reasonable and fair minded men could only draw one conclusion from them. The object of summary judgment proceedings is not to try the issues but determine if there are issues to be tried. *Hendricks, Administrator* v. *Burton,* 1 Ark. App. 159, 613 S.W. 2d 609 (1981); *Dodrill* v. *Ark. Democrat Co.,* 265 Ark. 628, 590 S.W. 2d 840 (1979); *Ashley* v. *Eisele,* 247 Ark. 281, 445 S.W. 2d 76 (1969).

The motion for summary judgment was submitted to the court on a copy of the transcript in the prior chancery case containing appellants' testimony in that case, depositions of appellants taken by appellee and appellants' counter-affidavits. The transcript disclosed that at the time that case was tried the appellant Shelby Bourland had been aware of the existence of the deed to Russell for at least a year. However, she testified that the deed had never been recorded; that her brother, Russell, had told her he would not do so, and had indicated to her that the deed was "no good." The deed had not been recorded at that time.

In the depositions and counter-affidavits appellants stated that prior to the issuance of the deed from Vera Jones to the appellants Russell had told them that as far as he was concerned the property belonged to his mother and "if she wanted to sign it over to us, she could as it was her property." Shelby Bourland stated that she did not know the outcome of the prior suit, had not heard the testimony of any other witness, and as far as she was concerned "Russell was tearing up the deed." Both appellants averred that their purpose in going to Vance Abstract Company was to obtain a title

search and were relying on Vance Abstract Company to determine whether the deed from Vera Jones to appellants would effectively convey title.

This evidence viewed in the light most favorable to the appellants shows that her knowledge at the time of the prior suit was only of the existence of an unrecorded deed which she had been told would not be recorded and was "no good." She had no knowledge that Russell had subsequently recorded it or recanted his denial of claim under the deed and ordered a title search by appellee's agent in order to determine the state of the title Vera Jones was conveying to them.

The purpose of title insurance is to protect a transferee of real estate from loss through defects clouding his title. The issuance of the policy is predicated upon an examination of the public records as to the insured title for when a person seeks title insurance he expects to obtain a professional title search and opinion as to the condition of his title. Accordingly the insurer had a duty to search the records for clouds and other defects before issuing its policy. *McLaughlin* v. *Attorneys Title Guaranty Funds, Inc.*, 61 Ill. App. 3d 911, 378 N.E. 2d 355 (1978); *Lawyers Title Insurance Corp.* v. *Research Loan & Investment Corp.*, 8th Cir. 1966, 361 F. 2d 764.

At the time appellee's agent issued the policy of title insurance it had at least constructive knowledge of the recorded deed and of the chancery court decree determining its validity. Appellant denied knowledge of either fact. Mere knowledge of a defect in one's insured title is not, in and of itself, a defense to an action on the policy unless that knowledge not possessed by the insurer is willfully withheld. Whether appellant's testimony as to the extent of her knowledge and belief or reliance upon the abstractor is true or false is a question of fact which cannot be properly determined by summary motion.

We find the trial court's finding that appellants had actually or inferentially "agreed to" or suffered the defect within the meaning of the exclusion to be erroneous for the

same reason. The reported cases dealing with this exclusion are uniform in holding that the word "suffered" is synonymous with "permit" and implies a power in the insured to prohibit the act giving rise to the defect. *Feldman* v. *Urban Commercial, Inc.*, 87 N.J. Super. 391, 209 A. 2d 640 (1965); *Arizona Title Insurance & Trust Co.* v. *Smith*, 21 Ariz. App. 371, 519 P. 2d 860 (1974); *First National Bank & Trust Co. of Port Chester* v. *New York Title Insurance Co.*, 171 Misc. 854, 12 N.Y.S. 2d 703. When the evidence is viewed in the proper light it is clear that appellant had nothing to do with the execution or recording of the deed and had no power to prohibit it.

The cases uniformly declare that the words "agreed to" connote "contracted." *Arizona Title Insurance & Trust Co.* v. *Smith,* supra; *Fish* v. *Fish,* 307 S.W. 2d 46 (Mo. App. 1957). The evidence properly viewed does not indicate that appellants agreed to the defect in their title but steadfastly denied knowledge of it.

The appellants further argue in support of the summary judgment that the quoted limitation in the policy precludes coverage where the loss to the insured results from his own intentional misconduct or illegal and inequitable conduct, relying upon *Ginger* v. *American Title Ins. Co.,* 29 Mich. App. 279, 185 N.W. 2d 54 (1970), and *Feldman* v. *Urban Commercial, Incorporated,* supra, and other cases discussed in 87 ALR 3d, 515 at 521. These cases hold generally that where the insured deals or participates in an unconscionable scheme which results in a successful attack upon an insured title coverage is denied under an exclusion of defects "created, suffered, assumed or agreed to" by the insured because the consequences are brought about by the acts of the insured and thus *created or suffered* by him.

The culpability of this appellant's intent in the transaction is a question of fact and was improperly disposed of on summary motion. Though there existed circumstances under which a trier of fact might properly find that appellant and her mother engaged in a scheme to defeat either the title of her brother or the rights of the insurer, her assertion that her actions were totally innocent of any such

intent created a material issue of fact for the court to determine which should not have been disposed of summarily.

Appellants advance other points for reversal based upon the action of the trial court in denying their motion to set aside the summary judgment on supplemented supporting documents. In view of our decision on the initial action of the court we do not address these points.

Reversed and remanded.