## Dorothy MATTSON *v.* ST. PAUL TITLE COMPANY OF THE SOUTH

82-98                                      641 S.W.2d 16

Supreme Court of Arkansas
Opinion delivered November 1, 1982

*Herrod & Vess,* by: *E. H. "Buz" Herrod,* for appellant.

*Plegge & Church,* by: *Beresford L. Church, Jr.,* for appellee.

ROBERT H. DUDLEY, Justice. The issue in this case is

whether a title insurance company has a contractual duty to defend the insured against a complaint alleging that the insured acquired title by exercising fraud and undue influence. The trial court found no duty to defend. The Court of Appeals certified the case to this Court pursuant to Rule 29 (4) (b). We affirm.

Appellant's mother, Adeline W. Young, conveyed her home to appellant, Dorothy Mattson, by quitclaim deed on February 15, 1977. The deed was filed for record the same day and the next morning appellant purchased title insurance from a predecessor of appellee insurance company. On October 25, 1977, after the death of their mother, appellant's sister filed suit against appellant seeking to cancel the deed, alleging that it was executed as the result of fraud and undue influence exercised by appellant.

Appellee insurance company declined to defend the suit contending that the matter was not covered by the policy. Appellant proceeded in her own defense and was successful in defeating the claim. *Grubbs* v. *Mattson*, 268 Ark. 1144, 599 S.W.2d 148 (1980). She brought this action against appellee claiming that refusal by the insurance company to represent her in the lawsuit constituted a breach of appellee insurance company's obligation under the contract of title insurance to defend against actions alleging defects in her title. The pertinent parts of the policy provide:

> (a) The Company, at its own cost and without undue delay, shall provide for the defense of an insured in all litigation consisting of actions or proceedings commenced against such insured . . . to the extent that such litigation is founded upon an alleged defect, lien, encumbrance, or other matter insured against by this policy.
>
> .  .  .
>
> The following matters are expressly excluded from the coverage of this policy: . . .
>
> 3. Defects, liens, encumbrances, adverse claims, or

other matters (a) created, suffered, assumed or agreed to by the insured claimant . . . .

This type of exclusionary provision, commonly found in title insurance policies, has been construed to insulate the insurer from liability where the loss incurred by the insured resulted from the insured's own intentional, illegal, or inequitable conduct. *See e.g., Ginger* v. *American Title Insurance Co.,* 29 Mich. App. 279, 185 N.W.2d 54 (1970); *Brick Realty Corp.* v. *Title Guarantee & Trust Co.,* 161 Misc. 296, 291 N.Y.S. 637 (1936); *Rosenblatt* v. *Louisville Title Co.,* 218 Ky. 714, 292 S.W. 333 (1927). See Annotation, *Title Insurance: Exclusion Of Liability For Defects, Liens, Or Encumbrances Created, Suffered, Assumed, Or Agreed To By The Insured,* 87 ALR 3d 515.

*Brick Realty Corp* v. *Title Guarantee & Trust Co., supra,* a case factually similar to this one, is the leading case on this subject. There, the Court wrote:

> The claim upon which the . . . action was founded was of a kind which the defendant at bar was not required by the title policy to defend. This defendant did not insure plaintiff against the consequences of its own acts, was not liable for any loss occasioned thereby, and was not obliged to defend any suit attacking plaintiff's title, even though entirely unfounded if based on acts claimed to have been committed by plaintiff.

291 N.Y.S. at 638. Likewise, the fraud and undue influence allegedly exercised by appellant in the present case were not covered by the policy.

Our general rule is that the insurer's duty to defend is determined from the pleadings. *Commercial Union Insurance Co. of America* v. *Henshall,* 262 Ark. 117, 553 S.W.2d 274 (1977). But the insurer's obligation to defend may be broader than its duty to indemnify, because situations can exist where the insurer's duty to defend cannot be determined solely from the pleadings. *Commercial Union Insurance Co. of America* v. *Henshall, supra,* citing *Proctor Seed*

*and Feed Co.* v. *Hartford Insurance Co.*, 253 Ark. 1105, 491 S.W.2d 62 (1973).

In testing the pleadings to determine if they state a claim within the policy coverage we resolve any doubt in favor of the insured. Under the pleadings in this case there was no possibility that any loss could fall within coverage because the insurer is not required to compensate the insured for a loss which she brought upon herself. Thus there was no duty to defend.

Affirmed.

PURTLE, J., dissents.

HAYS, J., not participating.

JOHN I. PURTLE, Justice, dissenting. The insuring clause in this policy states that the insurer is to provide a defense to an action against the insured "to the extent that such litigation is founded upon an alleged defect, lien, encumbrance, or other matter insured by this policy." Obviously, the claim in this case is a defect, lien or encumbrance. I do not find any policy exclusion which excludes a defense for the claim presented in this matter. Obviously, the claim is not well founded because it failed upon trial. Needless to say, the insurance company would not have been responsible for anything other than the defense of the case.

The exclusion was for actions suffered, assumed or agreed to by the insured. Certainly, she did not suffer, assume or agree to a matter which constituted a valid claim against the title. To so construe this exclusion might go so far as to deny coverage for any claim against a title when the person voluntarily accepted a deed to the property. It is my opinion that the exclusions should be for deliberate actions on the part of the insured which amount to a fraud against the title insurance company. The insured in this case was at all times acting in good faith and without deceit or fraud. This should be the standard by which such cases are judged. Therefore, I would reverse.