**NORTHLAND INSURANCE COMPANY, Plaintiff,**

v.

**HECK'S SERVICE COMPANY, INC., Defendant.**

No. J–C–83–73.

United States District Court, E.D. Arkansas, Jonesboro Division.

Jan. 29, 1985.

Barber, McCaskill, Amsler, Jones & Hale, Little Rock, Ark., for plaintiff.

Joe M. Rogers, West Memphis, Ark., for defendant.

ORDER

HENRY WOODS, District Judge.

Plaintiff Northland seeks a declaratory judgment that its policy of insurance does not cover an event in which a vehicle in defendant Heck's custody was damaged. The parties stipulate to the following facts: Northland issued to Heck's a "Basic Automobile Liability and Physical Damage Policy," number NL–164905, covering the period from February 6, 1981, to February 6, 1982. That policy carried two endorsements, an "Endorsement for Motor Carrier Policies of Insurance for Automobile Bodily Injury and Property Damage Liability under Section 215 of the Interstate Commerce Act", (Form B.M.C. 90), and an "Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of The Motor Carrier Act of 1980", (MCS–90). In January, 1982, Heck's, in the course of its business, towed a vehicle owned by Eckler, and the Eckler vehicle was allegedly damaged by Heck's during the course of the towage. Eckler sued Heck's for the property damage allegedly caused by Heck's, and Heck's demanded that Northland defend the suit under the policy described above. Northland then

filed this action for declaratory judgment, seeking a declaration that it has no liability to Heck's under the terms of the policy in question. The parties agreed to submit the case to the Court on briefs, and the matter is now ripe for decision.

Three issues are raised by the parties. First, does the policy itself exclude coverage for the alleged property damage by its terms? Second, if coverage is excluded by policy language, is that exclusion waived by the ICC endorsements to the policy? And third, if there is coverage, should Northland be required to pay reasonable attorney's fees to attorneys selected by Heck's in the defense of the suit by Eckler? This Court finds that Northland is required to defend Heck's under the terms of the insurance policy in question, but that resolution of the issue of whether coverage for any property damage exists must await the outcome of Eckler's suit against Heck's. This Court further finds that it is appropriate for Northland to reasonably reimburse an attorney chosen by Heck's for the defense provided, rather than for an attorney of Northland's selection to provide that defense. The reasons for these findings are discussed separately.

■ Northland claims that the insurance policy in question excludes coverage for any damage to Eckler's vehicle which might have been caused by Heck's, and therefore it has not duty to defend Heck's against Eckler's suit. The policy language relied upon by Northland to support this claim is contained in paragraph 1(d) of Section A of the policy:

> Exclusions: This insurance does not apply: (d) to property damage to (1) property owned or being transported by the insured, or (2) property rented to or in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control....

Heck's argues that this clause in the policy does not relieve Northland of the obligation to defend the suit against it by Eckler's, because it could develop at trial that the property damage alleged to have been caused by Heck's occurred prior to Heck's exercising any control over the property, or after such control was relinquished. The position of Heck's is supported by Arkansas law. Where it is possible that the damage may be proven to have been caused by the negligence of the insured before or after the property is in the care, custody or control of the insured, the normally controlling allegations of the complaint do not determine the obligation of the insurer to defend. *Employers M.L. Ins. Co. of Wis. v. Puryear Wood Pr. Co.*, 247 Ark. 673, 447 S.W.2d 139 (1969). The "insurer's obligation to defend may be broader than its duty to indemnify, because situations can exist where the insurer's duty to defend cannot be determined solely from the pleadings." *Mattson v. St. Paul Title Co. of the South*, 277 Ark. 290, 641 S.W.2d 16 (1982). I believe this is such a case. There may ultimately be no duty for Northland to indemnify Heck's, but that will depend upon the outcome of the Eckler suit. There definitely is a duty to defend that suit.

■ Regarding defense of the Eckler suit, Heck's argues that it should be allowed to choose its own attorney, because there would be an inherent conflict of interest in any attorney selected by Northland to represent Heck's. The source of this conflict is the "care, custody or control" clause of the policy quoted above. As Heck's points out in its brief, the policy in question would not cover damage arising while Eckler's vehicle was under Heck's care, custody or control, but would cover damage arising from Heck's negligence before or after the vehicle was under its care, custody, or control. It would therefore be to Northland's benefit to defend the case on a bailment theory, and to Heck's benefit to defend on a negligence theory. In order to effectuate Northland's duty to defend Heck's, Heck's must be allowed to select its own legal counsel for defense of the Eckler suit. *See U.S. Fidelity & Guaranty Co. v. Louis A. Roser Co.*, 585 F.2d 932 (8th Cir.1978). Northland is hereby directed to reimburse Heck's counsel for a rea-

sonable attorney fee in defense of Eckler's suit.