AYRES, Judge.
Plaintiffs, husband and wife, have in-instituted this action to recover damages allegedly sustained as the result of an automobile collision of December 28, 1959. Liability was conceded by the defendant and consequently the only issues presented for determination relate solely to the nature and extent of the injuries sustained and to the quantum of award therefor.
From a judgment in plaintiffs’ favor, defendant appealed, contending that the awards were excessive. On the other hand, plaintiffs have answered the appeal contending that the awards were inadequate and prayed that they be increased.
Plaintiffs, at the time of the accident, were accompanying their daughter, Mrs. Leota Ross Weems, as guest passengers in an automobile driven by Mrs. Weems and owned by her and her husband, J. R. Weems. S. E. Ross occupied the rear seat and Mrs. Ross the front seat to the right of the driver.
The collision occurred at the intersection of State Highways 155 and 507 in Red River Parish, Louisiana, when the Weems’ automobile and that of James Blanchard Raley, traveling in opposite directions on Highway 155, met and, on meeting, Raley attempted a left turn into Highway 507 and, therefore, across and into the lane of travel of the Weems automobile.
By the force of the impact of the collision, S. E. Ross was thrown forward, his chest striking the back of the front seat. His injuries were described as a bruise on his chest and brush burns to both legs between his knees and feet. As a result of these injuries, plaintiff testified he suffered pain and discomfort for about three weeks and, because of the pain experienced in his legs, he was, for a few nights, unable to rest or sleep. Ross was treated on two occasions — first, on the date of the accident and then two days later by Dr. L. E. L’Herisson. At the trial, four months following the accident, plaintiff admittedly had completely recovered from the effects of the injuries sustained, except he claimed to continue to experience difficulty in his left shoulder, because of which he claimed to tire easily and to continue to have some pain.
Defendant complains that the testimony relating to an injured shoulder was an enlargement of the pleadings. We do not believe the testimony had that effect inasmuch as bruises and contusions allegedly sustained were not limited to any particular area of the body.
For the aforesaid physical injuries suffered by plaintiff, S. E. Ross, he was awarded $250 in compensation. We do not find, from the evidence, that this award is either inadequate or excessive.
Plaintiff, Mrs. Zeola P. Ross, by the force of the impact of the collision, was thrown forward into the windshield and dashboard of the car. As a result, she sustained a circular-shaped laceration of the forehead approximately four inches in length, extending from the left side of the bridge of her nose to almost the hairline above her right eye. This laceration was, at the time of the trial, clearly visible and unsightly. Sustained, also, were bruises and contusions over the body, particularly a deep bruise on her left side, as well as several “knots” on the head, and bruises and contusions on her knees. At the time *232 of the accident, Mrs. Ross was 59 years of age.
From the scene of the accident, Mrs. Ross was carried by ambulance to the L’Herisson Clinic in Coushatta where she remained under hospitalization for a period of nine days. After her release from the hospital, she was unable, for a brief period, to do her housework and, at the time of trial, continued to complain of pain in her neck attributable to a “crick” which had persisted since during her confinement in the hospital. The pain and suffering experienced, probably for only a period of a few weeks, cannot be said to be inconsequential. While in the hospital, Mrs. Ross was under the care and treatment of Dr. Richard L. Hanna, who said that on her admission her face, hair, and head were just a mass of blood from bleeding from the laceration of the forehead and skull. This laceration was characterized by the doctor as a bad cut and scar. From examination, the doctor found that her chest over the left fourth and fifth ribs was sore and her head hurt. The following day she could not see. Both eyes were closed and her face was blue. Following her admission to the hospital, the laceration was sutured but, because of continual bleeding, some of the sutures had to be removed. Her eyes were closed from bleeding subcutaneously under her eyes. X-rays disclosed no fractures of either the skull or ribs, but the doctor was of the opinion that as to her ribs, some cartilage had probably pulled loose.
After leaving the hospital, Mrs. Ross continued under the doctor’s attention until March 12, 1960. At that time all but •five-tenths of a centimeter of the scar had healed but remained discolored. The doctor further testified that plaintiff suffered pain while in the hospital and that she continued to experience pain in her ribs when she was discharged from the hospital. However, on her release on March 12, 1960, plaintiff, in his opinion, had recovered from her injuries.
That plaintiff suffered no permanent injuries as a result of the accident, except as to the facial scar, appears from the testimony of Dr. Hanna. This is confirmed by the testimony of Drs. Ray E. King and Willis J. Taylor, orthopedists, who examined plaintiff on or about April 12, 1960.
Mrs. Ross was awarded $2,000 in compensation for the injuries, pain and suffering, and disfigurement sustained by her. We find no manifest error in this award; it is neither inadequate nor excessive.
Defendant further complains as to the correctness of the award made to S. E. Ross in the form of special damages, such as loss of wages for a period of three days, domestic help for a period of five days, destruction and loss of glasses, a dress, and certain costume jewelry, as well as drugs and medical expenses. We have carefully reviewed the testimony relating to these items and find them sufficiently established. Our own tabulation reveals a total slightly in excess of the allowance made in the judgment appealed. Hence, we find no substantial basis upon which to alter the award made.
The judgment appealed is accordingly affirmed at appellant’s cost.
Affirmed.