AYRES, Judge.
This is a companion case to that of Ross et ux. v. Insurance Company of State of Pennsylvania, 128 So.2d 230, with which it was consolidated for the purpose of trial inasmuch as the several claims arise from the same accident. As in the companion case, the issues here relate solely to the question of the quantum of damages which should be awarded plaintiffs, who are husband and wife.
From a judgment in plaintiffs’ favor, the defendant appealed, contending that the awards were excessive. Plaintiff, J. R. Weems, was awarded special damages in the sum of $705.82. Mrs. Leota Ross Weems, for the personal injuries sustained by her, was awarded $2,500. They insist that the awards are inadequate and, by answer to defendant’s appeal, pray that they be increased.
Following the accident, Mrs. Weems was carried to the L’Herisson Clinic in Cous-hatta where she was examined and administered first aid by Dr. L. E. L’Herisson. She sustained, in the accident, a laceration of her underlip, cut completely through. There were bruises and abrasions on and about the body, primarily on her face, knees, and legs. She was emotionally upset. After the administration of first aid, Mrs. Weems was given a sedative and permitted to return to her residence. Later in the afternoon, however, she returned to the hospital because of her continued, pronounced emotional state of nerves.
On examination, no fractures were disclosed. During her hospitalization, extending to January 6, 1960, Mrs. Weems developed a hemorrhagic type of rash attributable to and superinduced by her emotional state, which persisted for about a month. She ran an abnormal temperature which subsided after treatment with antibiotics. Sedatives were administered, because of her emotional stress, to keep her emotions under control. Muscular spasm was prevalent in the back of her neck where she experienced some pain. At first *234 no complaints of headaches were made but later plaintiff suffered from headaches of a migraine character. The evidence, however, discloses that, for some years preceding the accident, she experienced onsets of migraine headaches as well as an episode of rheumatic fever. The evidence further disclosed that she had been previously treated for those headaches as well as for pains in her legs and back. Notwithstanding that for a day or two plaintiff was placed in traction while undergoing hospitalization, the injury to her cervical spine was classified by Dr. L’Herisson as a mild strain rather than a whiplash type of injury. He was also of the opinion that, as of the date of the trial, April 22, 1960, plaintiff had recovered from the ill effects of the injuries sustained by her in the accident, other than, of course, the scar described as barely discernible upon her underlip.
From examinations made by Dr. Heinz K. Faludi, a neurosurgeon, the opinion was expressed that plaintiff had sustained a mild cervical and thoracic sprain which was typical of the injury she received. The doctor was also of the opinion that Mrs. Weems suffered to a moderate degree with occipital neuralgia on both sides, but of only a temporary duration, possibly not longer than two months. Not having been informed that plaintiff had previously suf-ered from migraine headaches, the doctor was of the opinion the headaches experienced by plaintiff subsequent to the accident were a typical reaction to the injury she had sustained.
Examinations of plaintiff on behalf of the defendant were conducted by Drs. Ray E. King and Willis J. Taylor April 12, 1960. No report was made to them of plaintiff’s previous experiences of migraine headaches. These experts were not able to find evidence of any permanent effects sustained by plaintiff as the result of the accident other than the faint scar remaining from the lacerated lower lip.
The award in favor of Mrs. Weems appears excessive. The medical testimony in support of her claims for personal injuries is not particularly convincing. The medical experts seem to agree that Mrs. Weems did not suffer a whiplash type of injury but that her most serious complaint resulted from a cervical strain and, for a brief period, from her emotional, nervous condition which superinduced the discomforting rash over her body. The laceration of the lip and the bruises over the body in general healed without incident or residual effects. There was no medical testimony which supports the claim that plaintiff’s lower front teeth were, as a result of the accident, loosened. Nevertheless, if such occurred, the condition was of short duration and soon alleviated by nature itself. By reason of the previous history of migraine headaches, the headaches following the accident can scarcely be attributed to the accident under the proof in the record. We conclude, therefore, that $1,500 is sufficient to compensate plaintiff for the injuries sustained by her.
Defendant further complains, however, as to the sufficiency of the proof offered to support the claim of plaintiff, J. R. Weems, for special damages such as the charges for hospital and medical expenses incurred in the treatment of Mrs. Weems’ injuries, the loss of her earnings, and the damage sustained to her clothes worn at the time of the accident. The complaint is directed primarily at the husband’s failure to testify.
Mrs. Weems testified to and identified invoices and statements as to each of these items of services. She showed, by her testimony, thorough knowledge and familiarity with the expenses incurred. Her testimony, which was not contradicted, certainly establishes, at least, a prima facie case. We, therefore, find no sound basis or reason for disturbing the allowance as made.
For these reasons, the judgment in favor of Mrs. Leota Ross Weems is reduced to the sum of $1,500 and, as thus amended, the judgment appealed is affirmed. Mrs. *235 Weems is assessed with the cost of this appeal; all other costs are to be paid by the defendant.
Amended and affirmed.