## John B. MAY and Aileen B. MAY *v.*
## UTAH HOME FIRE INSURANCE COMPANY

73-238                               506 S.W. 2d 123

Opinion delivered March 11, 1974

*Rice L. Van Ausdall,* for appellants.

*Douglas Bradley* and *Jon R. Coleman,* for appellee.

JOHN A. FOGLEMAN, Justice. This is an appeal from a judgment of the Circuit Court of Poinsett County dismissing, with prejudice, appellants' complaint seeking recovery under two insurance policies issued by appellee. The facts are not in dispute and the only question on appeal is the correctness of the trial court's interpretation of the policy provisions.

On April 21, 1972, an outdoor awning, which was attached to and in direct contact with and supported by a building owned by appellants, was damaged by a windstorm. The amount of the damage was stipulated to be $736.45. The parties also stipulated that the two insurance policies issued by appellee covering the structure were in full force and effect on the date of the loss. The only issue is whether such a loss was covered by the policies. The two policies, Uniform Standard Arkansas Form 18 (Edition November 1970), contain the following identical pertinent provisions:

## SECTION I.—DESCRIPTION OF COVERAGE

A. BUILDING COVERAGE: when the insurance under this policy covers a building, such insurance shall also cover additions and extensions attached thereto; and fixtures, machinery and equipment constituting a permanent part of and pertaining to the service of the building.

This coverage also includes:

(a) outdoor awnings . . . which are attached to and in direct contact with and supported by the building (except as excluded or limited below), . . .

## BUILDING EXCLUSIONS—LIMITATIONS

(2) Outdoor awnings . . . are not covered unless attached to and in direct contact with and supported by the building and subject to the 80 per cent or higher Coinsurance Clause; or unless specifically insured under a separate item.

## SECTION IV.—PERILS INSURED AGAINST

This policy insures against all direct loss caused by:

## 1. FIRE AND LIGHTNING

## 2. REMOVAL

This policy is extended to insure against loss by the following perils as hereinafter provided, only when rate and premium for EXTENDED COVERAGE are inserted in the spaces provided on the first page of this policy or endorsed hereon.

## 3. WINDSTORM AND HAIL . . .

Unless liability therefor is assumed in the form attached to this policy or by endorsement hereon, this Company shall not be liable for damage to the following property:

(d) When outside of buildings,

(3) awnings including their supports, . . .

Appellants contend the two preceding sections are subject to doubt as to whether Section IV. 3. (d) (3) was intended to restrict the coverage given by Section I. A. (a) and therefore any doubt must be resolved against the party who prepared the contract. Appellants argue that, since the first section limited coverage of awnings to a definite type of awning described in the section and the latter section contains no description of the awnings which would not be covered for windstorm and hail damages unless liability was expressly assumed, this latter section was intended to refer only to awnings of a type not described as covered in Section I.

Appellants correctly state our rule that any doubt as to the meaning of the language used in a contract of insurance will be resolved against the insurer. See *American Republic Life Ins. Co.* v. *Edenfield*, 228 Ark. 93, 306 S.W. 2d 321. However, the rule has no application in this case since we find there is no ambiguity in the pertinent provisions of the policy. In order to accept appellants' premise, we would have to read into the policy a limitation that plainly is not there. When a policy of insurance is unambiguous we cannot construe it to attain a different meaning. *McDaniel* v. *Missouri State Life Ins. Co.*, 185 Ark. 1160, 51 S.W. 2d 981.

This is basically a fire policy with certain "extended coverages." Section I. sets out the extent of the coverage on the structure and its contents. Section IV. designates the seven perils, including windstorm and hail, the covered structure is insured against. Only in 3. (d) (3) of Section IV., covering windstorm and hail damages, is the coverage for awnings excluded unless expressly provided for. Damage to awnings resulting from any of the other perils insured against would be covered. Thus, the policy clearly provides that awnings of the type described in Section I. will be covered against all the perils set out in the contract except windstorm and hail, without any further endorsement, but in respect to windstorm and hail damages such awnings would not be covered unless the liability is expressly assumed in the form

attached to the policy. There is no such endorsement on the policy. Any other interpretation would be contrary to the clear provisions of the policy.

The judgment is affirmed.