# Ron COLEMAN *v.* MFA MUTUAL INSURANCE COMPANY

CA 81-59                    621 S.W. 2d 872

## Court of Appeals of Arkansas
Opinion delivered September 30, 1981

*Bullock, Hardin & McCormick,* for appellant.

*Jones, Gilbreath & Jones,* for appellee.

JAMES R. COOPER, Judge. This is an appeal from a ruling of the Circuit Court of Yell County, Arkansas, in favor of appellee. Appellant claimed that appellee was liable to him under the provisions of an automobile insurance policy on his own personal vehicle in the amount of $1,055.00 plus attorney's fees and the statutory penalty. While appellant's pickup truck (the insured vehicle) was disabled, he borrowed a twin-cab, dual rear wheel pickup truck which had been converted so as to allow it to transport either one or two automobiles. Appellant used the borrowed vehicle to travel to Louisiana to pick up a tractor with a front-end loader and upon his arrival back at Russellville, Arkansas, had an accident and the vehicle sustained damages for which appellant reimbursed the owner in the amount of $1,055.00.

Two provisions of the original policy of insurance are pertinent in this case. Under the definitions, the following definitions appear:

(1)   "Automobile" means a self-propelled, land motor

vehicle with at least four wheels, not operated on rails or crawler treads, but does not mean (a) a farm type tractor or any other vehicle, equipment, or machinery designed for use principally off the public roads, or (b) a vehicle while located for use as a residence or premises.

(12) "Temporary Substitute Automobile" means an automobile not owned in whole or in part by the named insured or any resident of the same household, while temporarily used with permission of the owner as a temporary substitute for the described automobile, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

It is not disputed that appellant's vehicle was disabled under the definition quoted above, or that the borrowed truck was a temporary substitute automobile as defined above. The issue in this case is whether the vehicle in question is covered under the provisions of VI — Automobile Physical Damage Insurance, which states in part as follows:

8. Automatic Insurance on Certain Non-Owned Automobiles — The insurance afforded with respect to Coverages F and G automatically applies to non-owned private passenger automobile or temporary substitute private passenger automobile while such automobile is in the actual possession of the person named insured or spouse. . . .

Thus the question is whether or not the vehicle was a private passenger automobile within the terms of the policy.

Appellant argues that there is an ambiguity in the definition of these terms and that we should construe the ambiguity against the insurer. Appellant argues that since the term "private passenger automobile" is not defined and the other terms which are relevant are defined very explicitly, that the ambiguity created thereby must be construed against the appellee. Appellant correctly points out that we must decide whether the character of the vehicle

10

itself determines whether it is a private passenger automobile or whether the use to which it is being put at the time of the accident determines its character.

The appellee argues that the vehicle is obviously a "car-hauler" and not a private passenger vehicle. They allege that the vehicle was designed and used primarily for the hauling of cargo and was being used for that purpose at the time of the accident.

The cases which have dealt with situations similar to this generally hold that the question of whether or not a vehicle is a "private passenger automobile" is a fact question which must be determined on the facts of each individual case. A pickup truck has been found to be a dual purpose automobile designed and used for carrying passengers and for transporting goods, and therefore may be a "private passenger automobile" within the meaning of an insurance policy. *State Farm Mutual Auto Ins. Co.* v. *Durret,* 472 S.W. 2d 214 (Civ. App. Tex. 1971); *American Fire and Casualty Co.* v. *Williams,* 226 So. 2d 141 (Fla. App. 1969); *English* v. *Old American Ins. Co.,* 426 S.W. 2d 33 (Mo. 1968).

There are several factors to be considered in making a factual determination as to the character of a vehicle. The actual use made of the substitute automobile [*Bivins* v. *Ace Wrecking & Excavating Co.,* 409 S.W. 2d 97 (Mo. 1966); *State Farm Mutual Auto Ins. Co.* v. *Durret, supra*], the design and intended use of the automobile by the manufacturer, and how it is commonly used are competent and material [*Detmer* v. *United Security Ins. Co.,* 309 S.W. 2d 713 (Mo. 1958); *English, supra*].

In this case the record reflects that, but for the fact that his Jeep pickup (the insured vehicle) was disabled, he would have used it to pull a low-boy trailer to Louisiana and bring back the tractor. What he would have done, or whether, had he done so, his insured vehicle would have been covered following an accident, is not before this Court. The question is simply whether or not the vehicle he used was a "private passenger automobile" within the meaning of the policy. Where the trial court sits as the finder of fact this Court will

not set aside its findings of fact unless they are clearly erroneous or against the preponderance of the evidence, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. *Ark. Rules of Civil Procedure,* Rule 52 (a); *Commercial Union Insurance Company, Inc.* v. *Sanders,* 272 Ark. 25, 611 S.W. 2d 754 (1981); *Frazier* v. *Farmers Insurance Exchange,* 1 Ark. App. 341, 615 S.W. 2d 409 (1981).

In the case at bar, we are unwilling to say that the finding by the trial court that the vehicle in question was not a "private passenger automobile" is clearly erroneous or against a preponderance of the evidence. There is evidence available to support a finding contrary to that reached by the trial court, but we cannot say that his finding is incorrect. Therefore, we find no merit to this contention of appellant.

Secondly, appellant urges that the court should have found that appellee was estopped to deny coverage because of contact made by the appellant with his insurance agent's office. The testimony reveals that appellant called the agent who handled his insurance and informed a secretary that he wished to inform the agent that he was borrowing a vehicle and was going to Louisiana to haul back a tractor. There is nothing in the record to indicate that the secretary or the agent indicated there would be coverage or that there would not be coverage. The agent testified that he attempted to return appellant's call, but was unable to contact him. We cannot determine, from the record, when the agent actually attempted to return the call but it is clear that at no time did the insurance agent inform appellant that he did have coverage. There is further no testimony in the record to indicate that the agent's secretary informed appellant that he had coverage. Thus, there are no acts which we can find which would estop the insurance company from denying coverage, nor are there any actions of its agent or employees which would have misled appellant into believing that he had coverage. The agent was under no obligation to find appellant and deny coverage. Coverage in this case is determined by the policy itself.

Affirmed.