Jackie W. HORN *v.* IMPERIAL CASUALTY AND
INDEMNITY COMPANY

CA 82-1                                          636 S.W.2d 302

Court of Appeals of Arkansas
Opinion delivered June 30, 1982
[Rehearing denied August 18, 1982.]

*James A. Penix, Jr., P.A.*, for appellant.

*John R. Eldridge, III* of *Burke & Eldridge*, for appellee.

LAWSON CLONINGER, Judge. Walter L. Horn was insured under a policy issued by appellee, Imperial Casualty and Indemnity Company, which provided for coverage for loss of life while in a private passenger automobile. The insured died while a passenger in a ten-wheel 1964 Silver Eagle Scenicruiser bus, and appellee denied benefits to the beneficiary, appellant Jackie W. Horn, on the basis that the bus was not a private passenger automobile within the meaning of the policy.

The trial court granted appellee's motion for summary judgment, and appellant contends on appeal that the finding by the trial court that the bus was not a private passenger automobile within the definition of the policy is clearly erroneous. We affirm the action of the trial court.

The insurance policy defines "private passenger automobile" as:

> . . . a four-wheel vehicle of the private passenger, station wagon or jeep type. It also includes an automobile of the truck type with a load capacity of 1500 pounds or less, designed for use on public roads.

The policy also provides coverage if the insured is riding as a passenger in a common carrier, but that provision has no application in this case. It was agreed that the bus belonged to the insured's employer and was not being operated as a common carrier.

In construing the language in an insurance policy, if the language employed is ambiguous, then the court must construe the language strictly against the insurance company and all reasonable doubts decided in favor of the insured. *Southern Title Insurance* v. *Oller*, 268 Ark. 300, 595 S.W.2d 681 (1980). If, however, the language of the contract is unambiguous, it is unnecessary to resort to rules of construction in order to ascertain the meaning of the insurance policy. The clauses are to be interpreted by the court in the plain and ordinary meaning of the terms and cannot be construed to contain a different meaning. *Southern Farm Bureau Casualty Insurance Co.* v. *Williams*, 260

Ark. 659, 543 S.W.2d 467 (1976). If the language of the policy is clear and unambiguous, the court should decide as a matter of law the construction. *National Life and Accident Insurance Co.* v. *Abbott,* 248 Ark. 1115, 455 S.W.2d 120 (1970).

In *National Life and Accident Insurance Co.* v. *Abbott, supra,* the Arkansas Supreme Court was presented with the question of whether a half-ton pickup truck driven by the insured at the time of his death was within the meaning of a "private passenger type automobile" of the exclusively pleasure type. At trial, the court granted the beneficiary's motion for summary judgment. On appeal, the trial court's decision was reversed. The Supreme Court recognized that when policy language is clear and unambiguous, the court should decide, as a matter of law, the construction. The court found that the language in the policy was unambiguous and that coverage should have been denied. The beneficiary contended that there was ambiguity because the insured had used the pickup truck entirely for pleasure. The court stated that " . . . 'use' does not govern whether the vehicle involved here was included in the coverage; rather, liability is determined by the 'type' of vehicle involved."

The insurance company had the right to prescribe the kind of vehicle it desired to cover by its policy, and it chose to cover a "four-wheel vehicle of the private passenger, station wagon or jeep type." The vehicle in which the insured in this case was a passenger was a "ten-wheel Scenicruiser bus," and is clearly outside the description of vehicles covered. The language employed in the policy is not ambiguous and does not require interpretation.

Appellant relies upon the case of *Coleman* v. *M.F.A. Mutual Insurance Co.,* 3 Ark. App. 7, 621 S.W.2d 872 (1981), where the question was whether a vehicle was a private passenger automobile within the terms of an insurance policy. The appellant in this case had an accident while driving a twin cab, dual rear wheel pickup truck. The term "private passenger automobile" was not defined in the policy and appellant argued that there was an ambiguity which should be construed against the insurer. The appellee

argued that the vehicle was obviously a "car hauler" and not a private passenger vehicle. Appellee alleged that the vehicle was designed and used primarily for the hauling of cargo and was being used for that purpose at the time of the accident.

This court recognized in *Coleman* that cases which have dealt with situations similar to this case generally hold that the question of whether or not a vehicle is a "private passenger automobile" is a fact question which must be determined on the facts of each individual case. The term "private passenger automobile" was not further defined in the policy, and the court was unwilling to say that the finding by the trial court that the vehicle in question was not a private passenger automobile was clearly erroneous or against a preponderance of the evidence.

However, no fact question was presented in the instant case because the term "private passenger automobile" was defined in the insurance policy in clear and unambiguous terms. *National Life and Accident Insurance Co.* v. *Abbott, supra.*

Rule 52 (a) of the Arkansas Rules of Civil Procedure provides that on appeal the trial court's findings of fact will not be set aside unless they are clearly erroneous or clearly against the preponderance of the evidence. Appellant urges that the finding of the trial court was clearly erroneous or clearly against the preponderance of the evidence in this case. Rule 52 (a), however, has no application here, because we hold that the terms of the policy are unambiguous and thus not a question of fact but one of law.

Affirmed.