Anise Lee BASKETTE *v.* UNION LIFE
INSURANCE COMPANY

CA 82-416                                        652 S.W.2d 635

Court of Appeals of Arkansas
Opinion delivered June 22, 1983

*Laser, Sharp, Haley, Young & Huckabay,* by: *Gregory M. Hopkins,* for appellant.

*House, Holmes & Jewell, P.A.,* by: *Robert L. Robinson, Jr.* and *Charles R. Nestrud,* for appellee.

JAMES R. COOPER, Judge. Bill Albert Baskette was insured under a policy issued by the appellee, Union Life Insurance Company, which provided triple indemnity coverage for any accidental death which occurred from the use of a pleasure car, subject to certain exclusions set forth in the policy. The appellant, Anise Lee Baskette, wife of the insured, was the named beneficiary under the policy.

On the date of the accident, the insured had removed the bed from the frame of his pickup truck to allow easier cleanup of the rust which had accumulated on the truck's frame. While the insured was in the process of cleaning the rust off, the truck suddenly rolled back and pinned the insured between the chassis and the truck bed. The insured suffered serious injuries which ultimately caused his death. The appellee admitted the policy was in effect and paid the appellant $20,000, less the amount of a policy loan, but denied coverage under the triple indemnity clause because, *inter alia,* the vehicle which crushed the insured was not a covered vehicle under the policy terms. As a result of the denial of coverage, the appellant filed this action to recover the additional $10,000, plus the statutory penalty and attorney's fee.

Both the appellant and the appellee filed motions for summary judgment, alleging that no genuine issues of fact existed. The trial court granted the appellee's motion, finding that the exclusionary language of the policy was unambiguous and applicable to the facts presented. On appeal, the appellant argues that the trial court erred because the language of the policy is ambiguous and should be construed against the appellee.

The policy provision at issue provides:

ADDITIONAL ACCIDENTAL DEATH BENEFIT. In any case where the General Accidental Death Benefit is payable under the provisions of Benefit I, above, and such death is, (a) in consequence of being struck, run-down, or runover by an automobile, or (b) a proximate result of operating, driving, riding in or on, demon-strating, adjusting an automobile, or (c) proximately caused by the burning or explosion of an automobile (the automobile . . . being restricted to . . . the pleasure car type excluding ambulances, trucks, police or fire department vehicles and except that no benefits pro-vided by this Benefit II will be paid if the accident occurs while the Insured in engaged in any race or speed contest, or while performing the duties of a "mechanic or garage employee" in repairing, over-hauling, or testing an automobile). Or if any such injury was received while riding as a fare-paying passenger on a regular licensed public conveyance operated by a common carrier for the regular trans-portation of passengers, such as train, airplane, bus, streetcar, or taxicab, the Company, subject to the General Provisions and Limitations contained in this rider, will pay the beneficiary the Amount of Insurance of the Policy IN ADDITION TO THE AMOUNT PAYABLE UNDER BENEFIT I.

Under Arkansas law, the intent to exclude coverage in an insurance policy should be expressed in clear and unambiguous language. *Farm Bureau Mutual Ins. Co.* v. *Milburn,* 269 Ark. 384, 601 S.W.2d 841 (1980). *See also Foremost Ins. Co.* v. *Sheppard,* 610 F.2d 551 (8th Cir. 1979). An insurance policy, having been drafted by the insurer without consultation with the insured, is to be interpreted and construed liberally in favor of the insured and strictly against the insurer. *Geurin Contractors, Inc.* v. *Bituminous Casualty Corp.,* 5 Ark. App. 229, 636 S.W.2d 638 (1982); *Travelers Ins. Co.* v. *Cole,* 3 Ark. App. 183, 623 S.W.2d 848 (1981). If, however, the terms of an insurance contract are not ambiguous, it is unnecessary to resort to the rules of construction and the policy will not be interpreted to bind

the insurer to a risk which it plainly excluded and for which it was not paid. *Southern Farm Bureau Casualty Ins. Co. v. Williams,* 260 Ark. 659, 543 S.W.2d 467 (1976). When the policy language is clear and unambiguous, the court should decide the issue as a matter of law. *National Life and Accident Ins. Co. v. Abbott,* 248 Ark. 1115, 455 S.W.2d 120 (1970).

On appeal from the granting of a motion for summary judgment, this Court must review the evidence in the light most favorable to the party resisting the motion. *Bourland v. Title Ins. Co. of Minnesota,* 4 Ark. App. 68, 627 S.W.2d 567 (1982). *See also Dodrill* v. *Arkansas Democrat Co.,* 265 Ark. 628, 590 S.W.2d 840 (1979). The burden is on the appellee to demonstrate that, even though the facts may be in dispute, reasonable minds could not differ as to the conclusion to be drawn from them. *Henricks* v. *Burton,* 1 Ark. App. 159, 613 S.W.2d 609 (1981).

Summary judgment is an extreme remedy and should be granted only when no genuine issue of fact exists. *Purser* v. *Corpus Christi State Nat'l Bank,* 258 Ark. 54, 522 S.W.2d 187 (1975). In *Davis* v. *Lingl Corp.,* 277 Ark. 303, 641 S.W.2d 27 (1982), the Arkansas Supreme Court stated:

> [a] summary judgment is appropriate only where the pleadings, depositions and answers to interrogatories, together with the affidavits, show there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Rule 56, ARCP; *Turner* v. *Baptist Medical Center,* 275 Ark. 424, 631 S.W.2d 275 (1982).

The appellant argues that because the truck was operated by the insured for personal pleasure only that the exclusionary language is inapplicable. In *National Life and Accident Ins. Co. v. Abbott, supra,* the Arkansas Supreme Court stated that " 'use' does not govern whether the vehicle . . . was included in the coverage; rather, liability is determined by the 'type' of vehicle involved. *See Horn* v. *Imperial Casualty and Indemnity Co.,* 5 Ark. App. 277, 636 S.W.2d 302 (1982).

In the case at bar, we are not asked to determine whether a truck comes within the definition of a "private passenger automobile". *See Coleman* v. *MFA Mutual Ins. Co.*, 3 Ark. App. 7, 621 S.W.2d 872 (1981). The policy language presented clearly excludes trucks from coverage and is unambiguous. The trial court correctly granted the appellee's motion for summary judgment.

Affirmed.

GLAZE, J., not participating.