**COLONIAL INSURANCE COMPANY, Plaintiff,**

v.

**Landon RAMSEY, Leonard Hockenberry, and City of Little Rock, Defendants.**

**No. LR–C–88–14.**

United States District Court, E.D. Arkansas, W.D.

May 13, 1988.

Edwin L. Lowther and Nate Coulter, Wright, Lindsey and Jennings, Little Rock, Ark., for plaintiff.

Jerry W. Stewart, Benton, Ark., for defendant Landon Ramsey.

Mark R. Hayes, Ass't City Atty., Little Rock, Ark., for defendants Leonard Hockenberry and City of Little Rock.

## MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

Pending now is the motion for summary judgment of the plaintiff, Colonial Insurance Company, against the defendants,

Landon Ramsey, Leonard Hockenberry and the City of Little Rock, Arkansas. For the reasons that follow, the motion is granted.

## BACKGROUND

On May 17, 1987 the plaintiff, Colonial Insurance Company (Colonial), issued an automobile liability insurance policy to the defendant, Leonard Hockenberry. The next day, while driving a wrecker owned by the defendant, City of Little Rock, Hockenberry collided with the Ford Bronco driven by the defendant, Landon Ramsey. Ramsey, who has since recovered a judgment against Hockenberry, contends that the vehicle driven by Hockenberry is covered by Colonial's insurance policy, and that he is now entitled to maintain a direct action against Colonial under Arkansas law. Colonial brings this diversity action asking the court to declare that the vehicle driven by Hockenberry is not a "car" within the coverage of its policy. Hockenberry and the City of Little Rock take no position in this case.

The facts material to the resolution of this case are not in dispute. The police department's accident report describes the vehicle driven by Hockenberry as a 1974 International Loadstar wrecker, license-type "truck." In his affidavit, the supervisor of the city's vehicles, Barry C. Nichols, states that the wrecker had a gross vehicle weight of between 18,000 and 24,000 pounds, and was used for towing loaded, medium-duty vehicles or heavy-duty vehicles that are too large for the smaller wreckers. Nichols further describes the wrecker as having six wheels and a passenger cab that resembles that of a large pickup truck with one bench seat.

Tommy Tolliver, who is self-employed in the auto body repair and used car sales business, has also submitted an affidavit in which he describes various characteristics of the wrecker. He states that although the wrecker has six tires, it has only two axles and on each side of the rear axle is one wheel consisting of two rims bolted together with a place for two tires. He further states that the bolted rims turn together as one wheel and, therefore, the wrecker is a four-wheeled vehicle. A photograph of the wrecker is included in the file.

The question now before the court on Colonial's motion for summary judgment is whether the City of Little Rock's International Loadstar wrecker is an insured vehicle under the policy issued by Colonial to Hockenberry.

## DISCUSSION

The policy in question is written in an "Easy to Read, Easy to Understand" format which contains several definitions. An insured car under the policy is "any car described in the declarations and any car or utility car [the insured] replace[s] it with, [or] any car or utility trailer [the insured] use[s], that is not owned by [the insured]." The word "car" is defined as "a licensed and registered *four-wheel car of the private passenger type* designed for use upon a public road." (emphasis added) Colonial argues that these definitions are unambiguous and that an International Loadstar wrecker, such as Hockenberry was driving, is plainly not the type of "car" which it contracted to insure. The court agrees.

In construing an insurance policy a commonsense approach should be used to fairly and reasonably ascertain and carry out the intent of the parties. *Wommack v. U.S. Fire Insurance Co.*, 323 F.Supp. 981 (W.D. Ark.1971). Terms should be taken in their plain, ordinary and popular sense. *Id.*; *CNA Insurance Co. v. McGinnis*, 282 Ark. 90, 666 S.W.2d 689 (1984); *American Homestead Insurance Co. v. Denny*, 238 Ark. 749, 384 S.W.2d 492 (1964). The court is bound by policy definitions, and where there is no ambiguity the court should decide as a matter of law how the policy should be construed. *Enterprise Tools, Inc. v. Export–Import Bank of U.S.*, 799 F.2d 437 (8th Cir.1986) (Arkansas Law); *Horn v. Imperial Casualty and Indemnity Co.*, 5 Ark.App. 277, 636 S.W.2d 302 (1982). Resort to rules of construction is unnecessary in the absence of ambiguity. *Id.*

In a case similar to the one at bar, the Supreme Court of Arkansas held that the provision of an insurance policy defining automobile as "a four-wheeled passenger

motor vehicle exclusively of the pleasure car type" was not ambiguous, and that a half-ton pickup truck did not fall within that definition. *See National Life and Accident Insurance Company v. Abbott*, 248 Ark. 1115, 455 S.W.2d 120 (1970). The Arkansas court disregarded the fact that the pickup was sometimes used to carry passengers, noting that the insurance company had a right to prescribe the kind of vehicle and the type of vehicle it wanted to insure. The court went on to say that if the use of the vehicle determined the coverage of the policy, "an insured might then ride in a tractor or tank or caterpillar vehicle, and call it, as to him, a passenger automobile."

In other jurisdictions courts have similarly declined to expand the definitions of four-wheeled or private passenger automobiles beyond the ordinary meaning of those terms. For example, it has been held that the phrase "private passenger automobile" is not ambiguous and does not include a 66–passenger school bus weighing 12,000 pounds. *Amica Mutual Insurance Company v. Cincinnati Insurance Company*, 494 N.E.2d 358 (Ind.App.1986); *Cotton States Mutual Insurance Co. v. American Mutual Liability Insurance Co.*, 140 Ga. App. 657, 231 S.E.2d 553 (1976). And it has also been decided that a tank truck is not a "passenger type automobile or light truck." *Travelers Insurance Co. v. Highlands Insurance Co.*, 546 F.2d 1147 (5th Cir.1977). Even more persuasive, however, are those cases involving vehicles with six tires, albeit only four wheels. *See Keystone Insurance Company v. Allstate Insurance Company*, 633 F.Supp. 1358 (W.D. Pa.1986) (six-wheel pickup with dump body not a four-wheel private passenger auto); *State Farm Mutual Auto Insurance Co. v. Salerno*, 121 Ill.App.3d 384, 76 Ill.Dec. 940, 459 N.E.2d 1075 (1984) (tow truck with four wheels on rear axle not a four-wheel land vehicle); *Wehmeier v. State Farm Mutual Auto Insurance Co.*, 556 S.W.2d 739 (Mo.App.1977) (flatbed truck with six tires on the ground not a four-wheel vehicle).

This court can find no reason to break from the cited decisions. The language used in the definitions section of the policy is not ambiguous and plainly does not evidence an agreement on the part of Colonial to assume the special risks inherent in the operation of heavy duty tow truck. Whether the vehicle technically has four or six wheels is immaterial because, even if the court were to interpret the term "wheel" in its technical sense, rather than interpreting it to be synonymous with the word "tire" as a layman would, the court is still unwilling to find that the vehicle in question is a car of the private passenger type. To do so would require the court to stretch the plain meaning of the words limiting coverage to private passenger cars far beyond their breaking point.

Accordingly, the court finds that there are no genuine issues of material fact in dispute, that the vehicle driven by Hockenberry is not within the coverage of Colonial's insurance policy and that Colonial is entitled to judgment against the defendants herein as a matter of law. Said judgment shall be entered contemporaneously herewith.

IT IS SO ORDERED.