**Bob SLAUGHTER, Preston Grace, Jr., Howard Tripp, R.E. Bell, James D. Hill, Howard House, E.J. Massey, John Freeman, Jeffery Hance and the Resolution Trust Corporation, Plaintiffs,**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant.**

Civ. No. B–C–92–23.

United States District Court, E.D. Arkansas, N.D.

Dec. 22, 1993.

---

John M. Belew, Batesville, AR, Richard T. Donovan, and Patricia J. Heritage, Rose Law Firm, H. William Allen, Allen Law Firm, Little Rock, AR, Carolyn A. Arthur, Resolution Trust Corp., Legal Div., Overland Park, KS, for plaintiffs.

Jim L. Julian, Chisenhall, Nestrud & Julian, P.A., Little Rock, AR, Michael P. Tone, and Anne Fiedlet, Peterson & Ross, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

The former directors and officers of Independence Federal Bank of Batesville, Arkansas ("Independence") and the Resolution Trust Corporation ("RTC") as Receiver bring this declaratory judgment action to determine the coverage provided by a Directors and Officers liability policy ("D & O policy") issued by American Casualty Company ("ACCO").

On March 29, 1993, the Court entered an Order denying the motions for summary judgment filed by the parties. The Court found, *inter alia*, that questions of fact existed regarding whether the D & O policy provided coverage for potential claims, where notice of those potential claims was given during the extended discovery period and whether the notice given was adequate under the terms of the policy.

The relevant provisions of the policy are set forth in the March 29th Order and will not be repeated here. In that order the Court rejected ACCO's argument that notice of an actual claim is required for coverage during the discovery period. Rather, the Court adopted the reasoning of *McCuen v. American Casualty Co.*, 946 F.2d 1401 (8th Cir.1991). In *McCuen*, the court found that notice of potential claims was covered under provisions virtually identical to those here.

The Court, however, found the terms of the policy to be ambiguous and was unable to determine, as a matter of law, the meaning of the ambiguous terms. The Court opined that resolution of the issue was best left to the fact finder.

The parties now contend that all the facts necessary for resolution of the issue are before the Court. The Court, therefore, has reviewed all the relevant documentation and

now concludes that notice of potential claims is covered in the discovery period.

Under the Coverage Clause, Clause 2(a), an insured's notice of either an occurrence or actual claim activates coverage if that notice is given during the policy period. The Discovery Clause, Clause 2(b) extends coverage with respect to any claim made within ninety days after the date of cancellation or refusal to renew. A "claim" is not defined in Clause 2(b), although in Clause 6(a), an "occurrence" which later gives rise to a claim is to be treated as a "claim" made when notice has been given. In addition, Endorsement 17 extends coverage under the Discovery Period as part of the last policy year. Furthermore, under the Endorsement, a claim is deemed to be made if notice is given to the insurer as provided in Clause 6(a) or 6(b). As noted above, Clause 6(a) provides for notice of an occurrence which might later give rise to a claim.

Plaintiffs contend that they understood the policy to allow notice of either a claim or notice of a potential claim during the discovery period. As the Court noted in its March 29th opinion, plaintiffs' understanding is entirely reasonable. They had paid one-fourth of a yearly premium for coverage for 3 months, or for one-fourth of a year. Thus, plaintiffs' belief that they were purchasing an extension of the same coverage they had previously is plausible.

■ ACCO has not presented any evidence to dispute plaintiffs' interpretation of the contract. Furthermore, ambiguities in the policy are to be construed against the insurer and in favor of the insured. *Baskette v. Union Life Ins. Co.*, 9 Ark.App. 34, 36, 652 S.W.2d 635 (1983).

■ Thus, when considering the entire agreement, the Court is persuaded that the term "claims" in the discovery clause "includes a claim arising after the termination of the policy as to which notice of the occurrence giving rise to such claim was given during the discovery period." *McCuen*, 946 F.2d at 1406.

Having determined that the D & O policy covers potential claims, the Court must determine whether Independence's notice was adequate under the terms of the policy.

■ On October 15, 1987, during the Discovery Period, Jeffrey Hance, then Senior Vice President at Independence, sent the following letter to the Manager, Professional Liability Claims, CNA Insurance:

The directors and officers of Independence Corporation and Independence Federal Bank, FSB, are aware of certain losses suffered by Independence Federal Bank, FSB, which may subsequently give rise to a claim being made against them based on wrongful acts as that term is defined under the above-captioned policy. Furthermore, the directors and officers of Independence Corporation and Independence Federal Bank, FSB, are aware of rumors and allegations existing within their own community concerning financial problems experienced by Independence Corporation and Independence Federal Bank, FSB, which may subsequently give rise to a claim being made against directors or officers based on wrongful acts as that term is defined under the policy. You are hereby given notice concerning these claims.

Please direct any inquiries concerning this matter to me.

ACCO makes much of Independence's failure to specify the "wrongful acts" or to identify the officers or directors involved. It relies on the recent holdings of *McCullough v. Fidelity and Deposit Co.*, 2 F.3d 110 (5th Cir.1993), *FDIC v. Barham*, 995 F.2d 600 (5th Cir.1993); and *FDIC v. St. Paul*, 993 F.2d 155 (8th Cir.1993) where the courts found that the insured failed to give adequate notice to trigger coverage under a "claims made" D & O liability policy.

The Court must conclude, after a review of the facts in the cases relied upon by ACCO that they are distinguishable.

The cases relied upon by ACCO involved attempts by the insured to have notice be found in the absence of a specific letter notifying the insurer of the existence of a potential claim. Thus, in *McCullough*, the insured unsuccessfully argued that references made during the renewal application to certain documentation demonstrating the bank's deteri-

orating financial condition put the insurer on notice of possible claims. Similarly, in *Barham*, the court rejected an argument that constructive notice was sufficient. In *Barham*, the insured argued that a letter between the bank and a regulatory agency which the insurer received and information the insurer received while conducting an insurance risk survey constituted constructive notice of a "claim" under the policy. As in *McCullough*, the bank never gave the insurer any *written* notice of possible claims. *See also California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1277 (9th Cir.1990) ("The term 'claim' should not be interpreted so broadly as to include a regulatory agency's request of the insured to comply with regulations where, as here the agency did not directly threaten [the bank] with liability ...").

In *American Casualty Co. v. Federal Deposit Ins. Corp.*, 944 F.2d 455 (8th Cir.1991), the insured had advised the insurer of certain problems during the application process, including that the insured was expected to lose over $400,000 in 1983, that the percentage of Bank assets that were classified as problems totaled about 200 percent of the institution's capital, and that the Comptroller of the Currency had issued a cease-and-desist order against the Bank. The Eighth Circuit found that the information presented did not amount to notice of a claim. "All of this information was general, most of it was communicated orally, and all the while [the bank's vice-president] was telling American Casualty that the Bank was in no danger. We decline to hold that the information American Casualty received during the application process was effective notice to it of potential claims." 944 F.2d at 460.

Recently, relying on *American Casualty*, the Eighth Circuit found that information provided in the bank's renewal application was insufficient to constitute notice of a claim under a D & O policy. *FDIC v. St. Paul Fire and Marine Ins. Co.*, 1993 WL 143309 (8th Cir.1993).[1]

Here, Independence sent a letter, the sole purpose of which was to put ACCO on notice of potential claims. The language of the policy did not require any more of Independence than written notice of potential claims. ACCO did not have to rely on documentation in the file or letters to third parties to determine the possibility of a claim. ACCO did not have to rely on actions by a regulatory agency or Independence's assertions in the renewal application. Rather, Independence sent a specific letter notifying ACCO of potential claims pursuant to the policy. While the letter may not have been as specific as ACCO wanted, it certainly put ACCO on notice of possible claims.

■ Independence stated, in its letter, that ACCO was to direct further inquiries about the letter to Ms. Hance. ACCO never informed Independence that its notice was insufficient. Indeed, Sherry Anderson, ACCO's manager of D & O claims, testified in her deposition that Hance's letter would have alerted ACCO that it needed to investigate and to obtain additional information regarding the claim. Thus, ACCO cannot now be heard to complain that the notice was insufficient. *See Federal Savings and Loan Insurance Corp. v. Burdette*, 718 F.Supp. 649, 654 (E.D.Tenn.1989) ("It is not in the interests of fairness or justice to permit an insurer to remain silent at the time purported notice is received, and then much later, after claims have been filed which may subject the insurer to some liability under the policy, permit the insurer to complain for the first time that notice was not sufficient.")[2]

In sum, the Court finds that the letter from Ms. Hance constitutes sufficient notice

---

**1.** The Court also notes that a number of the cases are distinguishable based on the language of the policies. For example, the policy in *McCullough* required the insured to give notice of *specified* wrongful acts of the officers and the directors. Here, the policy just required notice of a "wrongful act" not modified by the word "specified."

**2.** ACCO argues that *Burdette* is inconsistent with *Campbell & Co. v. Utica Mutual Ins. Co.*, 36 Ark.App. 143, 820 S.W.2d 284 (1991). The Court does not agree. In *Campbell*, the insured attempted to use the insurer's notice of an separate, unrelated claim to constitute notice of a claim on which it sought coverage. The court found waiver and estoppel could not be used to extend the coverage of an insurance policy to a risk not covered in the first place.

of potential claims and that declaratory judgment in favor of plaintiffs should be entered.

IT IS SO ORDERED.

### *JUDGMENT*

In accordance with the Memorandum Opinion and Order entered this date, judgment is entered in favor of plaintiffs on their complaint for declaratory judgment against defendant. Defendant is required to provide a defense in case number B–C–92–009 pursuant to the policy of insurance.

IT IS SO ORDERED.